JUDGE PHILIP MARTINEZ

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



| | |
|---|---|
| MELISSA JENSEN and JARED JENSEN, Individually and as Next Friends of KATRINA JENSEN, a Minor, | § § § § |
| Plaintiffs, | § § |
| vs. | § § § |
| KELLY PIERCE-GONZALEZ, R.N., CHRISTY BROWN, R.N., C. BURDINE, R.N., NIKKI D. ROBINSON, R.N., FELICIA D. BOYKINS, CRNA, and ELWOOD P. REID, M.D., | § § § § § § |
| Defendants. | § § |

CA_____

# EP05CA0208

## PLAINTIFFS' ORIGINAL COMPLAINT

Melissa Jensen and Jared Jensen, Individually and as Next Friends of Katrina Jensen, a Minor (hereinafter, "Plaintiffs"), complaining of Kelly Pierce-Gonzalez, R.N., Christy Brown, R.N., C. Burdine, R.N., Nikki D. Robinson, R.N., Felicia D. Boykins, CRNA and Elwood P. Reid, M.D., (hereinafter, "Defendants"), and for cause of action would respectfully show as follows:

### 1. **PARTIES**

1.01   Plaintiffs, Melissa Jensen and Jared Jensen, Individually and as Next Friends of Katrina Jensen, a Minor, are individuals residing in and citizens of the State of Utah.

1.02   Defendant Kelly Pierce-Gonzalez, R.N., is a Texas citizen and a licensed registered nurse residing in El Paso County and may be served with process at her residence address, 5769 Loma Azul Court, A-4, El Paso, Texas 79934.

1.03    Defendant Christy Brown, R.N., is a Texas citizen and a licensed registered nurse residing in El Paso County and may be served with process at her residence address, 1785 Earl Street, Beaumont, Texas 77703.

1.04    Defendant C. Burdine, R.N., is a Texas citizen and a licensed registered nurse residing in El Paso County and may be served with process at her business address at William Beaumont Medical Center, Fort Bliss, El Paso, Texas.

1.05    Defendant Nikki D. Robinson, R.N., is a Texas citizen and a licensed registered nurse residing in El Paso County and may be served with process at her residence address, 10744 Sugarland Drive, El Paso, Texas 79924.

1.06    Defendant Felicia D. Boykins, CRNA, is a Texas citizen and a licensed certified registered nurse anesthetist residing in El Paso County and may be served with process at her residence address, 7325 Desierto Luna Street, El Paso, Texas 79912.

1.07    Defendant Elwood P. Reid, M.D., is a Texas citizen and a Texas licensed physician practicing in El Paso County, in the State of Texas, and may be served with process at his residence address, 3911 Lithia Ridge Boulevard, #B, Valrico, Florida 33594.

## 2.    STATUTORY NOTICE

2.01    To the extent that notice provisions of Texas healthcare liability law apply, and Plaintiffs specifically contend that they do not, Plaintiffs have provided required Texas statutorily required notice to Defendants Kelly Pierce-Gonzalez, R.N., Christy Brown, R.N.,  C. Burdine, R.N., Nikki D. Robinson, R.N., Felicia D. Boykins, CRNA, and Elwood P. Reid, M.D., pursuant to TEX. CIV. PRAC. & REM CODE §74.051 et seq., that Plaintiffs intended to assert a

health care liability claim arising out of the medical care rendered to Melissa Jensen and/or Katrina Jensen.

2.02 Plaintiffs have also submitted an Administrative Complaint to William Beaumont Hospital and the Department of the Army regarding the same course of care and subsequent injuries pursuant to U.S.C. §2675(A).

**3. JURISDICTION AND VENUE**

3.01 The Court has jurisdiction over the lawsuit under 28 U.S.C §1332(a)(1) because the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000 excluding interest and costs.

3.02 Venue is proper in the El Paso Division because all Defendants reside in the Division, conducted business in El Paso County, Texas at the time of the occurrence and because the cause of action occurred in El Paso County.

**4. DUTIES**

4.01 At all times material hereto, Kelly Pierce-Gonzalez, R.N. was a registered nurse licensed to practice nursing in the State of Texas and who represented to Plaintiffs and to the public at large that she was a duly licensed, competent registered nurse.

4.02 At all times material hereto, Christy Brown, R.N. was a registered nurse licensed to practice nursing in the State of Texas and who represented to Plaintiffs and to the public at large that she was a duly licensed, competent registered nurse.

4.03    At all times material hereto, C. Burdine, R.N. was a registered nurse licensed to practice nursing in the State of Texas and who represented to Plaintiffs and to the public at large that she was a duly licensed, competent registered nurse.

4.04    At all times material hereto, Nikki D. Robinson, R.N. was a registered nurse licensed to practice nursing in the State of Texas and who represented to Plaintiffs and to the public at large that she was a duly licensed, competent registered nurse.

4.05    At all times material hereto, Felicia D. Boykins, CRNA, was a registered nurse licensed to practice nursing in the State of Texas and who represented to Plaintiffs and to the public at large that she was a duly licensed, competent registered nurse.

4.06    At all times material hereto, Defendant Elwood P. Reid, M.D., was a physician practicing medicine in the State of Texas, who represented to the Plaintiffs and the public at large that he was a duly licensed, competent medical doctor, who held himself to the standards of a reasonable, prudent physician.

4.07    At all times material hereto, there existed a health care provider-patient relationship between Defendants Kelly Pierce-Gonzalez, R.N., Christy Brown, R.N.,   C. Burdine, R.N., Nikki D. Robinson, R.N. and Felicia D. Boykins, CRNA,, and Plaintiffs Melissa Jensen and Katrina Jensen.

4.08    At all times material hereto, there existed a physician-patient relationship between Defendant Elwood P. Reid, M.D., and Plaintiffs Melissa Jensen and Katrina Jensen.

5. **STATEMENT OF FACTS**

5.01    Plaintiff Melissa Jensen was at 40 weeks in her pregnancy and entered William Beaumont Hospital under the care of Dr. Misko, having previously been seen by Dr. Wilson, on June 2, 2003 for induction of labor.  This progressed slowly.  She developed a fever during the night of June 2.  On June 3, Mrs. Jensen was given an epidural.  After pushing for approximately 3 hours, a forceps delivery was attempted and was unsuccessful.  A C-section was ultimately performed.  The baby aspirated a large amount of meconium and was transferred to Las Palmas Medical Center. Katrina was then transferred to University Medical Center in Lubbock.  She spent 6 weeks in the hospital there where an ECMO procedure was done and returned home on oxygen as a result of the negligent events surrounding her birth.  As a result of the ECMO necessitated by the meconium aspirated due to negligent delay in delivery Katrina has bilateral hearing loss (deaf in one ear and severe loss in the other ear) and speech impairment.

6. **CLAIMS FOR RELIEF**
   A.    **Kelly Pierce-Gonzalez, R.N.**

6.01    Defendant Kelly Pierce-Gonzalez, R.N., in the course of rendering medical care to Melissa Jensen and/or Katrina Jensen, committed acts and/or omissions which constituted negligence as that term is defined by law, including but not limited to the following:

   a.    Failure to timely diagnose and treat the medical condition of Melissa Jensen and/or Katrina Jensen;

   b.    Failure to timely consult with appropriate physician and/or nursing personnel regarding fetal distress;

   c.    Failure to timely notify physicians of fetal distress;

   d.    Failure to interpret the fetal heart tracing correctly;

   e.    Failure to timely institute the chain of command to get physicians to see and evaluate Melissa Jensen and her baby.

6.02    The above-mentioned acts and/or omissions of the Defendant were singularly and/or cumulatively a proximate cause of the occurrence in question and the damages alleged by Plaintiffs herein.

**B.      Christy Brown, R.N.**

6.03    Defendant Christy Brown, R.N., in the course of rendering medical care to Melissa Jensen and/or Katrina Jensen, committed acts and/or omissions which constituted negligence as that term is defined by law, including but not limited to the following:

> a.      Failure to timely diagnose and treat the medical condition of Melissa Jensen and/or Katrina Jensen;
>
> b.      Failure to timely consult with appropriate physician and/or nursing personnel regarding fetal distress;
>
> c.      Failure to timely notify physicians of fetal distress;
>
> d.      Failure to interpret the fetal heart tracing correctly;
>
> e.      Failure to timely institute the chain of command to get physicians to see and evaluate Melissa Jensen and her baby.

6.04    The above-mentioned acts and/or omissions of the Defendant were singularly and/or cumulatively a proximate cause of the occurrence in question and the damages alleged by Plaintiffs herein.

**C.      C. Burdine, R.N.**

6.05    Defendant C. Burdine, R.N., in the course of rendering medical care to Melissa Jensen and/or Katrina Jensen, committed acts and/or omissions which constituted negligence as that term is defined by law, including but not limited to the following:

> a.      Failure to timely diagnose and treat the medical condition of Melissa Jensen and/or Katrina Jensen;

b.      Failure to timely consult with appropriate physician and/or nursing personnel regarding fetal distress;

c.      Failure to timely notify physicians of fetal distress;

d.      Failure to interpret the fetal heart tracing correctly;

e.      Failure to timely institute the chain of command to get physicians to see and evaluate Melissa Jensen and her baby.

6.06    The above-mentioned acts and/or omissions of the Defendant were singularly and/or cumulatively a proximate cause of the occurrence in question and the damages alleged by Plaintiffs herein.

**D.    Nikki D. Robinson, R.N.**

6.07    Defendant Nikki D. Robinson, R.N., in the course of rendering medical care to Melissa Jensen and/or Katrina Jensen, committed acts and/or omissions which constituted negligence as that term is defined by law, including but not limited to the following:

a.      Failure to timely diagnose and treat the medical condition of Melissa Jensen and/or Katrina Jensen;

b.      Failure to timely consult with appropriate physician and/or nursing personnel regarding fetal distress;

c.      Failure to timely notify physicians of fetal distress;

d.      Failure to interpret the fetal heart tracing correctly;

e.      Failure to timely institute the chain of command to get physicians to see and evaluate Melissa Jensen and her baby.

6.08    The above-mentioned acts and/or omissions of the Defendant were singularly and/or cumulatively a proximate cause of the occurrence in question and the damages alleged by Plaintiffs herein.

**E.    Felicia D. Boykins, CRNA**

6.09    Defendant Felicia D. Boykins, CRNA, in the course of rendering medical care to Melissa Jensen and/or Katrina Jensen, committed acts and/or omissions which constituted negligence as that term is defined by law, including but not limited to the following:

        a.    Failure to timely diagnose and treat the medical condition of Melissa Jensen and/or Katrina Jensen;

        b.    Failure to timely consult with appropriate physician and/or nursing personnel regarding fetal distress;

        c.    Failure to timely notify physicians of fetal distress;

        d.    Failure to interpret the fetal heart tracing correctly;

        e.    Failure to timely institute the chain of command to get physicians to see and evaluate Melissa Jensen and her baby.

6.10    The above-mentioned acts and/or omissions of the Defendant were singularly and/or cumulatively a proximate cause of the occurrence in question and the damages alleged by Plaintiffs herein.

**F.    Elwood P. Reid, M.D.**

6.11    Defendant Elwood P. Reid, M.D., in the course of rendering medical care and treatment to Melissa Jensen and her infant, Katrina Jensen, committed acts and/or omissions which constitute negligence as that term is defined by law, including, but not limited to, the following acts and/or omissions:

        a.    Failure to timely and appropriately diagnose and treat the medical condition of Melissa Jensen and/or Katrina Jensen;

        b.    Failure to timely examine Melissa Jensen and the fetal monitor strip during her labor;

        c.    Failure to timely and properly diagnose and treat fetal distress;

        d.    Failure to timely and properly deliver Katrina Jensen;

        e.    Failure to timely perform a Cesarean Section on Melissa Jensen.

6.12   The above-mentioned acts and/or omissions of the Defendant were singularly and/or cumulatively a proximate cause of the occurrence in question, and the damages alleged by the Plaintiffs herein.

**G.     All Defendants**

6.13   Each and all of the foregoing acts and omissions of the above-named individuals, singularly or in combination, were a proximate cause of the injuries and damages incurred by Melissa Jensen, Jared Jensen, and Katrina Jensen.

**7.     DAMAGES**

7.01   Plaintiffs would show that, as a direct and proximate result of the negligent acts and/or omissions of the Defendants as set out above, Katrina Jensen has suffered severe and permanent brain damage. Katrina Jensen has incurred extensive medical expenses in the past and in all reasonable probability, will continue to incur medical expenses until his death. Plaintiff Katrina Jensen has suffered disfigurement in the past and will continue to suffer disfigurement for the balance of his natural life. Plaintiff Katrina Jensen has been caused to suffer great physical pain and suffering and mental pain and anguish in the past and in all reasonable probability will continue to suffer the same for the balance of his natural life. Katrina Jensen has also suffered loss of earning capacity and in all reasonable probability will continue to suffer the same for the balance of his natural life. Katrina Jensen has suffered great mental anguish, sorrow, and grief in the past and there is a reasonable probability that he will continue to suffer into the future. Further, Katrina Jensen has suffered loss of enjoyment of life and will in all probability continue to suffer such loss for the balance of his natural life.

7.02    Plaintiff Katrina Jensen believes and alleges that he has been greatly injured and damaged in an amount within the jurisdictional limits of this Court for which he now pleads against Defendants jointly and severally.

7.03    Plaintiffs Melissa Jensen and Jared Jensen have suffered damages consisting of severe emotional distress and mental anguish, both past and future; grief; loss of the companionship and society of their daughter, Katrina Jensen, both past and future; all of which are within the jurisdictional limits of this Court, for which Plaintiffs now plead against Defendants, jointly and severally.

7.04    Each and every negligent act and/or omission of Defendants Kelly Pierce-Gonzalez, R.N., Christy Brown, R.N., C. Burdine, R.N., Nikki D. Robinson, R.N., Felicia D. Boykins, CRNA, and Elwood P. Reid, M.D., as set forth above,

   a.    when viewed objectively from the standpoint of Defendants Kelly Pierce-Gonzalez, R.N., Christy Brown, R.N., C. Burdine, R.N., Nikki D. Robinson, R.N., Felicia D. Boykins, CRNA, and Elwood P. Reid, M.D., respectively for their individual acts and omissions, at the time of each occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others;

   b.    of which Defendants Kelly Pierce-Gonzalez, R.N., Christy Brown, R.N., C. Burdine, R.N., Nikki D. Robinson, R.N., Felicia D. Boykins, CRNA, and Elwood P. Reid, M.D., respectively for their individual acts and omissions, had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others,

constitute Gross negligence as defined by the laws of the State of Texas and requires an award of exemplary damages against that Defendant.

7.05    Plaintiffs are entitled to pre-judgment interest at the highest rate allowed by law, for which Plaintiffs now plead.

8.    **REQUEST FOR JURY TRIAL**

    8.01    Plaintiffs request a trial by jury.

9.    **PRAYER**

    Plaintiffs pray that Defendants be cited to appear and answer herein and that upon final hearing of this case, Plaintiffs have judgment of and against Defendants for Plaintiffs' actual damages, together with pre- and post- judgment interest thereon at the highest rate allowed by law, compensatory, punitive and exemplary damages as set forth above, costs of court, and for such other and further relief, both general and special, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

                Respectfully submitted,

                **MORGAN & WEISBROD, L.L.P.**

        By:    *Les Weisbrod*

                **LES WEISBROD**
                State Bar No. 21104900
                **DAVID R. NORTON**
                State Bar No. 15103900
                **CONNIE McNAMIRE, R.N., J.D.**
                State Bar No. 00794280
                11551 Forest Central Drive
                Suite 300
                Dallas, Texas 75243
                (214) 373-3761
                (214) 739-4732 -- FAX

                **ATTORNEYS FOR PLAINTIFFS**

---